Gabrielli, J.
(dissenting). The majority creates a significant, and what I consider to be an unfounded exception to the law of life insurance. In general, written misrepresentations in an application for insurance will be waived by the insurer, and may not be a ground for denying coverage, if the correct information was orally conveyed to the insurer or its agent. However, in the instant case the majority circumvents that principle by holding that the bank officer with whom an insurance buyer deals is not an agent for the insurer within the framework of savings bank life insurance. This determination misconceives the fundamental importance of the relationship between the bank and the Savings Bank Life Insurance Fund in regard to the case before us, and opens a substantial gap in the law protecting the insurance buying public.
The majority’s holding is grounded upon a determination that the distribution of authority and responsibility set forth in the Banking Law is inconsistent with any principal-agent relationship between the defendant bank and the Savings Bank Life Insurance Fund. Although it is clear that final approval of the applications rests with the fund, it is undisputed that the fund does not deal directly with the insurance buyer, but instead relies upon the bank and its officers to be its interface with the customer and also its spokesman. For purposes of this case, the relationship between the fund and the bank is indistinguishable from the relationship between an insurance company and its agent, because in both instances the insurance buyer communicates only with a spokesman for the insurer, and that spokesman in turn acts as a conduit for information flowing between the customer and the ultimate insurer. As the interface between the buyer and the fund, the bank must be expected to convey to the fund all pertinent information communicated by the buyer. Indeed, even the most sophisticated buyer could only expect that anything which he reveals to the bank will have a direct bearing on his prospects for securing insurance. This is particularly true in view of the fact that the application used in the instant case did not contain a clause informing the buyer that no information concerning any matter which is a subject of inquiry in the *530 application shall be considered as known to the insurer unless stated within the application itself (see Wageman v Metropolitan Life Ins. Co., 24 AD2d 67, affd 18 NY2d 777).
The error in the majority’s analysis is that it permits savings banks to act as insurance agents without assuming the responsibility and liability of agents. The insurance buying public is seriously harmed by this development because a purchaser of savings bank life insurance may no longer rely upon the representations of the bank with whom he deals, or the bank’s acquiescence in inaccurate information placed on the application where correct information is orally conveyed. In the present case it is not unlikely that plaintiff would have procured other coverage at a rate reflecting his medical condition if he had reason to suspect that his oral communication of his condition to the bank officer with whom he dealt would not be conveyed to the fund, and that the fund’s lack of information would later serve as a basis for denying payment to plaintiff’s intended beneficiary. Furthermore, because the majority has determined that the bank is not the agent of the fund, nor a conduit for information to it, a logical extension of the majority opinion compels the conclusion that even an express misrepresentation made by the bank to the buyer would be irrevelant in determining whether coverage must be provided. This also is an untenable result.
Accordingly, for the foregoing reasons, the order of the Appellate Division should be affirmed.
Judges Jasen, Wachtler and Meyer concur with Judge Jones; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Chief Judge Cooke and Judge Fuchsberg concur.
Order reversed, with costs, and the complaint dismissed.